IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM JAMES,

    Plaintiff,

  vs.                            No. CIV S-08-1812 EFB P

SACRAMENTO COUNTY
SHERIFF'S DEPARTMENT, et al.,

    Defendants.        <u>ORDER</u>
_____/

    Plaintiff was confined at the Sacramento County Jail when he commenced this action, but he has since been released. He alleges that defendants violated his civil rights while he was confined there. He also seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a).

    The court has reviewed the complaint and finds that for the limited purposes of § 1915A screening, it states a claim that defendants Filer, badge number 608, and Kendrick, badge number 171, violated plaintiff's rights when, upon plaintiff's recent discharge from the hospital, they intentionally forced him out of a wheelchair, causing him to fall to the ground.

    The complaint does not state a cognizable claim against the Sacramento County Sheriff's Department, Nurse Ernesto or Dr. Sotek.

Plaintiff may proceed forthwith to serve defendants Filer and Kendrick, and pursue his claims against only those defendants or he may delay serving any defendant and attempt [again] to state a cognizable claim against the Sacramento County Sheriff's Department, Nurse Ernesto and Dr. Sotek.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the Sacramento County Sheriff's Department, Nurse Ernesto and Dr. Sotek, he has 30 days so to do. He is not obligated to amend his complaint. However, if plaintiff elects to proceed forthwith against defendants Filer and Kendrick, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants Sacramento County Sheriff's Department, Nurse Ernesto and Dr. Sotek, without prejudice.

Plaintiff purports to sue the Sacramento County Sheriff's Department based on an apparently isolated event involving two officers. This is not sufficient to state a claim against the Sheriff's Department because plaintiff in fact seeks redress from the County of Sacramento. To state a claim that a local government is subject to liability for constitutional torts committed by its officials, a plaintiff must allege an individual with final policy making authority acted pursuant to an official policy or custom or failed to act based on a policy of inaction amounting to the knowing disregard of plaintiff's rights and that plaintiff was harmed thereby. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). In order to proceed against the Sacramento County Sheriff's Department, plaintiff must file an amended complaint which includes the elements identified above.

While plaintiff names Nurse Ernesto and Dr. Sotek as defendants, he does not allege any facts about what these defendants did to him. Thus, there is no basis for finding that they must be served with process. Again, in order to proceed against these defendants, plaintiff must file an amended complaint. Insofar as plaintiff intends to claim that these provided him with

constitutionally inadequate medical care, he must clarify whether he was confined pursuant to a judgment of conviction, or whether he was a pretrial detainee. If he was serving a sentence, then the Eighth Amendment prohibition on cruel and unusual punishments applies, and he must allege acts or omissions evidencing defendants knew of and disregarded plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Neither defendants' negligence nor plaintiff's general disagreement with the treatment he received suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996). If he was a pretrial detainee, then the Eighth Amendment does not apply. *See Bell v. Wolfish*, 441 U.S. 520, 1173-74 (1979) (not having been convicted of a crime, a pretrial detainee cannot be subjected to punishment). Rather, he must proceed under the Due Process Clause of the Fourteenth Amendment. *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). The Ninth Circuit has held that "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody ha[ve] the established right not to have officials remain deliberately indifferent to their serious medical needs." *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *see also Frost v. Agnos*, 152 F.3d 1124, 1128, 1130 (9th Cir. 1998). Any amended complaint must conform to these standards.

In the event plaintiff chooses to delay serving any defendant and file an amended complaint, he must abide by the guidelines set forth in this order. An amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a

3

conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must not include preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. *McHenry*, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an

opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Bell Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

An amended complaint must be complete in itself without reference to any prior pleading.[1] Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a first amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted.

2. Claims against defendants Sacramento County Sheriff's Department, Nurse Ernesto or Dr. Sotek are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

3. The Clerk of the Court is directed to issue summons forthwith pursuant to Fed. R. Civ. P. 4.

4. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, a copy of the complaint, a form for consent to a magistrate judge, and this court's status order.

5. Within 20 days of the date of this order, plaintiff may submit to the U.S. Marshal, all information needed by the Marshal to effect service of process on defendants Filer and Kendrick.

////

---

[1] The document styled "Amended Complaint," filed November 6, 2008, does not comply with this requirement. Therefore, it is not an amended complaint and the court does not consider it.

The court anticipates that to effect service the U.S. Marshal will require at least:

      a. One completed summons;

      b. One completed USM-285 form for each defendant;

      c. A copy of the endorsed filed complaint and any attachments thereto for each defendant, with an extra copy for the U.S. Marshal; and

      d. A copy of this court's status order for each defendant.

5. If plaintiff elects to proceed against defendants Filer and Kendrick, then he *must* notify the court of that fact when he submits the required information to the U.S. Marshal. The court will construe plaintiff's election to proceed against these two defendants as consent to an order dismissing the Sacramento County Sheriff's Department, Nurse Ernesto and Dr. Sotek from this action.

6. Within ninety days of receiving the required information from plaintiff, the U.S. Marshal is directed to serve process and a copy of this court's status order, without prepayment of costs. In the event the U.S. Marshal is unable, for any reason, timely to effectuate service on any defendant, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA, 95814, Tel. No. 916-930-2030.

DATED: May 6, 2009.

                                  EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE